**LASALLE BANK N.A., Appellant,**

v.

**ZAPATA et al., Appellee.**

[Cite as *Lasalle Bank N.A. v. Zapata*, 184 Ohio App.3d 571, 2009-Ohio-3200.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–08–043.

Decided June 30, 2009.

Theran J. Selph Sr. and Richard J. LaCivita, for appellant.

Christopher J. Mallin, for appellee.

HANDWORK, Judge.

{¶ 1} This appeal is from the June 23, 2008 judgment of the Ottawa County Court of Common Pleas, which dismissed Count 1 of the complaint filed by

appellant, Lasalle Bank, N.A., trustee, and made final a prior grant of summary judgment to appellee, Rachel Zapata, on Count 2 of appellant's complaint. Upon consideration of the assignments of error, we reverse the decision of the lower court. Appellant asserts the following assignments of error on appeal:

{¶ 2} "1. The trial court erred when it invalidated an executed, notarized and recorded mortgage without clear and convincing evidence of fraud, forgery, coercion, or the like in the execution of said mortgage.

{¶ 3} "2. The trial court erred when it invalidated an executed, notarized and recorded mortgage solely upon the testimony of a party to the mortgage that the mortgage's acknowledgement was defective.

{¶ 4} "3. The trial court erred when it invalidated an executed, notarized and recorded mortgage, supported by additional affidavits and exhibits, that the subject mortgage was properly executed.

{¶ 5} "4. The trial court erred when it failed to apply equitable subrogation in order to permit the mortgage subject to foreclosure herein to stand in the shoes of the prior liens satisfied with said mortgage loan proceeds.

{¶ 6} "5. The trial court erred when it failed to apply equitable estoppel to bar Rachel Zapata's avoidance of the mortgage she executed.

{¶ 7} "6. The trial court erred when it failed to find an equitable lien on the property subject to foreclosure."

{¶ 8} On November 21, 2006, appellant filed a foreclosure action against appellee, Rachel Zapata, and other parties who would have an interest in the property located at 1150 E. Lockwood Road, Port Clinton, Ohio. Appellant alleged in its first count that appellee had defaulted on a promissory note securing the mortgage of the property at issue and owed $55,817.72, plus interest. In its second count, appellant sought to foreclose on the mortgage executed in 2004, which was later assigned to appellant by the mortgagee.

{¶ 9} Appellant moved for summary judgment. Appellee opposed the motion, arguing that there were material issues of fact. She argued that appellant lacked standing because it was not authorized to do business in Ohio, that there was no evidence that the promissory note had been assigned to appellant (this argument was later resolved by appellant's recording of the assignment of the mortgage), and that the mortgage was unenforceable because it did not meet the statutory requirement of R.C. 5301.01(A), because it was not properly acknowledged. Appellee provided an affidavit in which she attested that she had never been in the presence of the notary who notarized the document.

{¶ 10} Appellant then withdrew its motion for summary judgment, but appellee filed for summary judgment, presenting the same arguments. Appellant opposed

the motion, arguing that a defective acknowledgment did not render the mortgage at issue invalid when no fraud was involved. In her responsive brief, appellee argued that the issue was whether appellant, as the assignee of the mortgage, should be treated as a superior lienholder to the other defendant lienholders. Second, she argued that *Citizens Natl. Bank in Zanesville v. Denison* (1956), 165 Ohio St. 89, 59 O.O. 96, 133 N.E.2d 329, paragraph one of the syllabus, relied upon by appellant, was distinguishable on its facts because it did not involve the rights of the parties to a defectively executed mortgage. Instead, appellee argued that the only case on point is *Seabrooke v. Garcia* (1982), 7 Ohio App.3d 167, 7 OBR 212, 454 N.E.2d 961, but that the trial court should adopt the holding of the common pleas court, which was reversed on appeal. In *Seabrooke,* the Lorain County Common Pleas Court held that a defectively executed mortgage is invalid as to the assignee of the mortgagee. The Ninth District Appellate Court reversed this holding, finding that the mortgagee assignee obtains all rights of the mortgagee, including the right to enforce a defectively executed mortgage absent fraud. Id. at 169, 7 OBR 212, 454 N.E.2d 961.

{¶ 11} The trial court granted summary judgment to appellee by its order dated September 17, 2007, and dismissed the second count of the action (foreclosure of the mortgage). The court concluded that the mortgage was unenforceable because it had not been property executed pursuant to R.C. 5103.01(A). The court continued the case for trial of appellant's first count, appellee's liability on the promissory note.

{¶ 12} The case was originally scheduled to go to trial on November 26, 2007, but was later stayed because of appellee's pending bankruptcy proceedings. The case was eventually reinstated on February 13, 2008. On March 7, 2008, appellant moved for renewal of its November 9, 2007 motion for reconsideration and cross-motion for summary judgment, which had been withdrawn when the case was stayed.

{¶ 13} Appellant sought to readdress the issue of the enforceability of the mortgage. It asserted that the mortgage was presumptively valid because it bore appellee's signature and was notarized. Therefore, appellant asserted, appellee bore the burden of establishing fraud. Appellant asserted that appellee's uncorroborated testimony that she had not signed the document in the presence of the notary and the fact that she did not deny signing the document precluded her from asserting fraud or rebutting the presumption of validity of the mortgage. Appellant produced the affidavit of the notary, who acknowledged that he had attended the closing and witnessed appellee's signature on the mortgage. Appellant argued that appellee's self-serving attestation that she did not sign the mortgage in front of a notary was not competent evidence. But, even if the court found that the mortgage had been defectively executed,

appellant argued, the mortgage was still enforceable as an equitable lien. Appellant also argued that it was entitled to equitable subrogation or equitable estoppel.

{¶ 14} Appellee responded on March 18, 2008, and presented the following arguments. First, she argued that appellant had improperly renewed its cross-motion for summary judgment, which had been withdrawn. Second, she argued that there remained an issue of standing because appellant was not registered to do business in the state of Ohio. As to the issue of the execution of the mortgage, appellee argued that appellant could now assert that there was evidence contrary to appellee's evidence regarding the notarization, because it had not asserted the existence of contrary evidence when the issue was first addressed and resolved on summary judgment. At the very least, the introduction of this new evidence presented only a question of fact to be resolved at trial. Appellee also opposed appellant's equitable claims.

{¶ 15} Following resolution of appellee's pending bankruptcy proceedings and the grant of a discharge under Chapter 7 on April 7, 2008, appellee filed another memorandum in opposition to appellant's renewed cross-motion for summary judgment. Appellee asserted that the second count of appellant's complaint (foreclosure on the mortgage) had been dismissed by the court on September 17, 2007, and could no longer be questioned. As to the first count (breach of the promissory note), appellee argued that this count must be dismissed because of her discharge in bankruptcy.

{¶ 16} On June 12, 2008, the court denied appellant's motion for reconsideration and cross-motion for summary judgment. The court refused to modify its prior order granting summary judgment to appellee on Count 2 of the complaint because appellant had failed to timely produce evidence in its possession to refute the evidence of appellee. The court also refused to consider appellant's equitable remedies that were presented after the court had granted summary judgment to appellee on the grounds that there was no valid mortgage. The court also found that none of the equitable theories were applicable under the facts of this case. The court also dismissed Count 1 of the complaint because of appellee's discharge in bankruptcy. Appellant then sought an appeal to this court.

{¶ 17} Appellee contends that appellant's assignments of error do not comport with App.R. 16(A)(3), which requires assignments of error to be supported by references to the record. We find no merit to this claim. Appellee also argues that the judgment granting summary judgment was a final order and, therefore, that a motion for reconsideration was a nullity. Appellee also argues that for public-policy reasons we should not permit appellant to continue to litigate an issue that has already been determined. She further contends that appellant's attempt to do so should be found to be frivolous conduct.

{¶ 18} We find that appellee's arguments have no merit for the fundamental reason that the granting of summary judgment in this case was not a final order. Certainly the trial court could have made the grant of summary judgment final by adding the required certification of Civ.R. 54(B) that there was no "just reason for delay" of the appeal of that judgment. *Sullivan v. Anderson*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 10. The court did not do so. Therefore, the judgment remained interlocutory, and the trial court was free to reconsider its findings. Appellant's continued efforts to correct the trial court's judgment were not inappropriate.

{¶ 19} In its first assignment of error on appeal, appellant argues that the trial court erred when it found that the mortgage was not enforceable between the mortgagor and mortgagee assignee.

{¶ 20} An appellate court reviews the grant of summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, and *Advanced Analytics Labs., Inc. v. Kegler, Brown, Hill & Ritter*, 148 Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, ¶ 33. Applying the requirements of Civ.R. 56(C), we uphold summary judgment when it is clear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 21} Ohio law clearly holds that "[a] defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." *Citizens Natl. Bank in Zanesville v. Denison*, 165 Ohio St. at 95, 59 O.O. 96, 133 N.E.2d 329, superseded by statute as stated in *In re Nowak*, 104 Ohio St.3d 466, 820 N.E.2d 335, 2004-Ohio-6777, ¶ 11. While the *Citizens* case did not involve the enforcement of a defectively executed mortgage between a mortgagor and a mortgagee, it did set forth the correct law on the issue based upon prior case law. *Betz v. Snyder* (1891), 48 Ohio St. 492, 496–497, 28 N.E. 234, and *Baldwin v. Snowden* (1860), 11 Ohio St. 203, paragraph one of the syllabus. Therefore, a debtor's allegation that he never signed a mortgage and that the certificate of acknowledgment is fraudulent is a sufficient defense to an action to enforce the mortgage. *Williamson v. Carskadden* (1881), 36 Ohio St. 664, paragraph one of the syllabus, and *Basil v. Vincello* (1990), 50 Ohio St.3d 185, 188–189, 553 N.E.2d 602. Accord, *Texas Commerce Bank Natl. Assn. v. Joseph*, 8th Dist. No. 81097, 2003-Ohio-995, 2003 WL 757015, ¶ 20–21; *Bank One, Columbus, N.A. v. Lucas* (June 30, 1986), 10th Dist. No. 85AP–418, 1986 WL 7493, at 3; and *Seabrooke v. Garcia* (1982), 7 Ohio App.3d 167, 169, 7 OBR 212,

454 N.E.2d 961. We also note that under Civ.R. 8(C) and 9(B), fraud is an affirmative defense, which must be asserted in the defendant's answer with particularity. *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C–061069, 2007-Ohio-5874, 2007 WL 3225534, ¶ 30. Also relevant to this appeal is the rule of law that a mortgagee assignee succeeds to all the rights of the mortgagee. *Shoney's Inc. v. Winthan Properties, Inc.* (Dec. 13, 2001), 10th Dist. No. 01AP–145, 2001 WL 1586534, and *Seabrooke v. Garcia*, supra. We reject appellee's argument that the assignment of a defectively executed mortgage affects the rights of the assignee.

{¶ 22} Appellee never asserted a claim of fraud in her answer, nor did she ever seek to amend her answer to include such a claim. Even in her motion for summary judgment or her response to appellant's cross-motion for summary judgment, appellee never asserted that she had been defrauded. Rather, she attests only that she did not sign the mortgage deed in the presence of the notary public. She does not argue that she never intended to sign the mortgage. Therefore, we conclude that she should not be permitted to renege on her agreement. *Seabrooke v. Garcia*, supra. Appellant, as the mortgagee assignee, is the equivalent of an original party to the mortgage and therefore may seek to enforce the mortgage even though it was defectively executed. Id.

{¶ 23} The trial court refused to modify its prior order of summary judgment solely because appellant had failed to timely produce evidence in its possession to refute the evidence of appellee that she did not sign the mortgage in the presence of a notary public. Normally, such a ruling is within the discretion of the trial court, and we will not reverse the trial court on appeal absent a showing that the trial court abused its discretion. However, in this case, the trial court applied the wrong law to the case in its original grant of summary judgment and required appellant to bring forth evidence to support a fact that it did not need to prove. Therefore, we find that the trial court's original granting of summary judgment was erroneous. In order for appellee to avoid enforcement of the mortgage, she was required to establish fraud with respect to the execution of the document. Appellee did not make such a claim. Therefore, she was not entitled to summary judgment. Appellant's first assignment of error is well taken.

{¶ 24} In its second and third assignments of error, appellant argues that the trial court erred when it did not consider appellant's affidavits and exhibits and invalidated the mortgage solely upon the testimony of appellee that she did not sign the mortgage in the presence of a notary public. Because we have found that the mortgage could not be invalidated absent fraud and that fraud was not asserted in this case, the issue of what evidence was necessary to establish that the mortgage had not been properly executed is irrelevant. Therefore, we find appellant's second and third assignments of error moot.

{¶ 25} In its fourth, fifth, and sixth assignments of error, appellant argues that the trial court erred when it did not consider appellant's equitable remedies. Because of our holding as to appellant's first assignment of error, these issues are moot.

{¶ 26} Having found that the trial court did commit error prejudicial to appellant, we reverse the judgment of the Ottawa County Court of Common Pleas. This case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

PIETRYKOWSKI and SINGER, JJ., concur.