[Cite as *U.S. Bank v. Hill*, 2018-Ohio-4532.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

U.S. Bank N.A., as Trustee, on behalf     Court of Appeals No. OT-17-029
of the holders of the J.P. Morgan Mortgage
Acquisition Trust 2006-CH2, Asset Backed     Trial Court No. 2016-CV-E-117
Pass-Through Certificates, Series 2006-CH2

      Appellees

v.

Marilyn L. Hill, et al.            **DECISION AND JUDGMENT**

      Appellant            Decided:  November 9, 2018

* * * * *

David A. Wallace and Karen M. Cadieux, for appellees.

Grace M. Doberdruk, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Ottawa County Court of Common

Pleas which granted appellee's motion for summary judgment.  For the reasons set forth

below, this court affirms the judgment of the trial court.

**{¶ 2}** The following facts are relevant to this appeal. On April 17, 2006, defendant-appellant, Marilyn Hill (hereafter "Hill"), and her late husband, obtained a $52,600 loan from Chase Bank USA, N.A. and signed a note promising to repay the loan. The promissory note was secured by a mortgage, filed in the public record on May 1, 2006, in favor of Chase Bank USA, N.A. on real property used as a second home located in Ottawa County, Ohio. Chase Bank USA, N.A. indorsed the promissory note in blank.

**{¶ 3}** Following the death of Hill's husband, Chase Home Finance, LLC, as servicer of the promissory note holder on October 5, 2008, entered into a loan modification agreement with Hill. The promissory note was modified as set forth in the loan modification agreement.

**{¶ 4}** In February 2009, plaintiff-appellee, "U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2" (hereafter "U.S. Bank") filed a complaint seeking judgment on the promissory note, as modified, and foreclosure on the mortgage securing the note. U.S. Bank voluntarily dismissed the complaint in March 2009.

**{¶ 5}** On March 2, 2009, Chase Bank USA, N.A. assigned the mortgage to "U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2."

**{¶ 6}** In February 2011, U.S. Bank filed a second complaint seeking judgment on the promissory note, as modified, and foreclosure on the mortgage securing the note.

2.

Thereafter, U.S. Bank and Hill entered into a settlement agreement dated April 11, 2013, and U.S. Bank stipulated to dismiss the complaint in May 2013.

{¶ 7} In September 2013, U.S. Bank filed a third complaint seeking judgment on the promissory note, as modified, and foreclosure on a mortgage securing the note. Hill counterclaimed. Following a period of pre-trial litigation, U.S. Bank and Hill each voluntarily dismissed their claims against each other in October 2014.

{¶ 8} On November 13, 2015, the 2009 mortgage assignee filed in the public record a "Corporate Assignment of Mortgage" in favor of U.S. Bank.

{¶ 9} On April 25, 2016, U.S. Bank filed a fourth complaint seeking judgment on the promissory note, as modified, and foreclosure on the mortgage securing the note, declaratory judgment and other equitable relief against Hill and other defendants who are not parties to this appeal. Hill generally denied the allegations and counter-claimed for bad faith breach of settlement agreement and fraudulent inducement to enter into settlement agreement. Following a period of discovery by the parties, on July 14, 2017, U.S. Bank filed a motion for summary judgment on the complaint and on Hill's counterclaims, which Hill opposed. On September 6, 2017, the trial court granted U.S. Bank's motion stating:

> In the present case, [Hill] failed to make payments pursuant to the [s]ettlement [a]greement. There is no requirement in the settlement agreement that statements be sent to [Hill]. There is no evidence that [U.S. Bank] breached the contract and no evidence that [Hill] was fraudulently

3.

induced. There are no material facts yet to be litigated and [U.S. Bank] is entitled to judgment as a matter of law on its complaint and on [Hill's] counterclaim. It is therefore ORDERED, ADJUDGED and DECREED that [U.S. Bank's] Motion for Summary Judgment is GRANTED. (Emphasis sic.) [U.S. Bank] shall submit a further Judgment Entry to effectuate this Decision.

{¶ 10} On October 3, 2017, the trial court entered a judgment entry and decree in foreclosure in favor of U.S. Bank and incorporated by reference the September 6, 2017 decision and order. The October 3, 2017 judgment entry included the following orders: (1) judgment in favor of U.S. Bank due and owing under the note for the amounts stated in the affidavit attached to the summary judgment motion, (2) the acknowledgment clause of the mortgage substantially complied with R.C. 5301.01(A), (3) the mortgage was valid and enforceable by U.S. Bank, as the assignee, (4) reformation of the mortgage to reflect that Hill and her late husband were married at the time they executed the mortgage, (5) Hill had broken the conditions of the mortgage, and (6) U.S. Bank was entitled to have the equity of redemption of Hill in and to the premises foreclosed and to recover the amounts due and owing under the note out of the proceeds of the foreclosure sale. No findings were made for any other sums due and owing for other liens, such as appellee's advances for taxes, "and continues same until the confirmation of sale." The entry concluded "there is no just reason for delay in entering this judgment."

4.

{¶ 11} Hill then filed this appeal on October 20, 2017, setting forth four assignments of error:

I. The trial court erred or committed plain error when it granted a judgment of foreclosure because material issues of fact remained on possession and appearance of the original note and the appellee's affidavits were deficient.

II. The trial court erred by granting summary judgment on appellant Marilyn Hill's counterclaims because material issues of fact remained for trial.

III. The trial court erred by granting a declaratory judgment and reformation.

IV. The trial court erred by granting a judgment of foreclosure when Ottawa County Local Rule 26.02 was not complied with.

{¶ 12} We will address the first and second assignments of error together because they collectively challenge the trial court's September 6, 2017 summary judgment decision. The third and fourth assignments of error will be reviewed together as they collectively challenge the trial court's October 3, 2017 decree in foreclosure.

## A. Summary Judgment

{¶ 13} In support of her first and second assignments of error, Hill argued the trial court erred when it granted appellee's summary judgment motion because of the existence of material issues of fact necessitating a trial. Hill argued multiple material

5.

issues of fact existed with respect U.S. Bank's complaint and her counterclaims for breach of contract and fraudulent inducement, including U.S. Bank's standing to litigate the foreclosure and the adequacy of the Civ.R. 56 evidence proffered by U.S. Bank.

{¶ 14} In response U.S. Bank argued the trial court properly granted its summary judgment motion because there were no material issues of fact necessitating a trial. U.S. Bank argued its standing was clearly established, and the affidavits and other evidence properly supported its motion for summary judgment on both the complaint and Hill's counterclaims. U.S. Bank further argued it was entitled to judgment as a matter of law because it met its burden for summary judgment purposes and Hill failed to meet her burdens to withstand summary judgment.

{¶ 15} Our review of trial court summary judgment determinations is de novo, employing the same Civ.R. 56 standard as trial courts. *Levy v. Huener*, 6th Dist. Lucas No. L-17-1081, 2018-Ohio-119, ¶ 11, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 16} According to Civ.R. 56(C), summary judgment may be granted only:

> if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law *** [and] that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the

6.

motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 17} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Levy* at ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

Civ.R. 56(E). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact for trial. *Id.*

{¶ 18} A material fact is one which would affect the outcome of the suit under the applicable substantive law. *Levy* at ¶ 12, citing *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999). To determine if a genuine issue exists, we inquire whether the evidence in dispute is sufficient to require submission to a

7.

jury or whether it is so one-sided that one party must prevail as a matter of law. *Wall v. Firelands Radiology*, 106 Ohio App.3d 313, 322-323, 666 N.E.2d 235 (6th Dist.1995).

**{¶ 19}** This court has held:

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality material showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the mover is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager [sic] is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.

*U.S. Bank Trust, N.A. v. Edmon*, 6th Dist. Erie No. E-17-048, 2018-Ohio-2987, ¶ 27, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

**{¶ 20}** We reviewed the record de novo and found U.S. Bank's motion for summary judgment complied with Civ.R. 56.

**{¶ 21}** First, U.S. Bank provided evidence it was the holder of the note and mortgage, or was a party entitled to enforce the instruments. U.S. Bank pointed to evidence of its standing at the time of the April 25, 2016 complaint "based on an interest in both the Note and the Mortgage," arguing an interest in only one is necessary. U.S. Bank cited as authority this court's decision in *Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 11, quoting *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28.

8.

However, thereafter the Ohio Supreme Court clarified it was not specifying the documents necessary to establish standing due to the particular facts of each case, *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 30-31, and reiterated "the fundamental requirement of standing is that the party bringing the action must have a personal stake in the outcome of the controversy, i.e., that it must be the injured party." *Id.* at ¶ 32, quoting *Schwartzwald* at ¶ 21. After filing the complaint in foreclosure U.S. Bank was permitted to prove thereafter it was the holder of the note or mortgage on or prior to the April 25, 2016 complaint. *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, 31 N.E.3d 637, ¶ 12, citing *United States Bank Natl. Assn. v. Mitchell*, 6th Dist. Sandusky No. S-10-043, 2012-Ohio-3732, ¶ 17-18. The record shows U.S. Bank attached to its July 14, 2017 motion for summary judgment evidence of the chain of custody of the indebtedness of Hill to U.S. Bank.

{¶ 22} Exhibit C to U.S. Bank's motion was an affidavit from U.S. Bank's outside attorney, Kathleen Nitschke. Ms. Nitschke averred from personal knowledge that her law firm had represented U.S. Bank since 2011 in foreclosure actions regarding the April 17, 2006 promissory note by borrowers, Hill and her late husband, to lender, Chase Bank USA, N.A., in the original principal amount of $52,600. Ms. Nitschke averred that since October 2012 her law firm had physical possession of the "original blue-ink Note," and "[a]ffixed to the original blue-ink note is an Allonge, which contains in-blank endorsement signed by a representative of Chase Bank USA, N.A." Ms. Nitschke averred that on or about October 20, 2012, and again on or about the date of her affidavit

9.

on July 13, 2017, she personally reviewed the original promissory note and confirmed each time it contained the original signatures by Hill and her late husband. The "Allonge to Mortgage Note" was executed by "Monica Collins/Assistant Secretary, Authorized Officer" for Chase Bank USA, N.A., as seller, and was indorsed with the words, "Pay to the order of," followed by a blank space and without recourse. True and accurate copies of all documents averred in the affidavit were attached to the affidavit. *Bank of Am., N.A. v. Hafford*, 6th Dist. Sandusky No. S-13-021, 2014-Ohio-739, ¶ 15, citing Civ.R. 10(D)(1). The April 17, 2006 promissory note specifically states: "[The borrowers] understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the 'Note Holder.'"

{¶ 23} U.S. Bank argued "the use of an abbreviation in one [2015 corporate assignment of mortgage, motion for summary judgment, Weinberger affidavit], and the spelled-out name in the other [2009 assignment of mortgage and Nitschke affidavit], does not reflect the existence of two different Trustees or change the Trust's ownership of the Note." U.S. Bank cited as authority *U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-2489, ¶ 34. We agree. U.S. Bank is the real party in interest. Civ.R. 17(A). Moreover, the precise wording of U.S. Bank in the plaintiff caption of the complaint is not generally dispositive of determining the real party in interest because such determinations are to be made upon the merits of the allegations in the body of the complaint. Civ.R. 10(A); *State ex rel. Crossman Communities of Ohio v.*

10.

*Greene Cty. Bd. of Elections*, 87 Ohio St.3d 132, 135, 717 N.E.2d 1091 (1999) ("The spirit of our * * * Rules of Civil Procedure, is the resolution of cases upon their merits rather than claimed pleading deficiencies[.]").  Further, any errors pointed out by Hill regarding the word "trustee" as capitalized or not in U.S. Bank's pleadings is harmless error. Civ.R. 61.

{¶ 24} We find U.S. Bank identified those portions of the record that demonstrated an absence of a genuine issue of material fact it is the holder of the note and mortgage, or is a party entitled to enforce the instrument.  *Bank of New York Mellon v. Lewis*, 6th Dist. Erie No. E-13-051, 2014-Ohio-5599, ¶ 40-43.  We find that on or before April 25, 2016, U.S. Bank was the "Note Holder" under the terms of the note and the allonge to the note with a blank indorsement and was entitled to enforce the note.  R.C. 1303.25(B); 1301.201(B)(21)(a); 1303.31(A)(1).  "'An allonge is defined as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."'"  *Deutsche Bank Trust Co. v. Jones*, 8th Dist. Cuyahoga No. 105778, 2018-Ohio-587, ¶ 26, quoting *HSBC Bank USA, N.A. v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, ¶ 56.  An undated allonge is valid.  *Id.* at ¶ 27, citing *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303, ¶ 21.

{¶ 25} Second, U.S. Bank provided evidence of the chain of assignments and transfers of the mortgage in real property, which secured Hill's promissory note.  Exhibit B to U.S. Bank's motion was an affidavit dated July 12, 2017, from a representative of

11.

U.S. Bank's mortgage servicer Select Portfolio Servicing, Inc. ("SPS"). Diane Weinberger, a document control officer of SPS. Ms. Weinberger averred from personal knowledge and personal review that the business records created and maintained by SPS with respect to Hill's loan and mortgage included the business records created and maintained "by prior servicers, including Chase Home Finance, LLC and JP Morgan Chase." Effective October 1, 2013, SPS obtained the mortgage servicing rights. Ms. Weinberger averred:

> The entries in these records are made at the time of the events and conditions they describe, either by people with first-hand knowledge of those events and conditions, or from information provided by people with such first-hand knowledge. SPS records this information, and maintains these loan records, as a routine practice of SPS's regularly conducted business activities.

True and accurate copies of all documents averred in the affidavit, including the 2006 promissory note and mortgage, the allonge, the 2008 loan modification agreement, the 2009 mortgage assignment, and the 2015 corporate mortgage assignment were attached to the affidavit. Ms. Weinberger's affidavit laid the foundation for admissibility of the loan records as business records under Evid.R. 803(6). *HSBC Bank USA, N.A. v. Takats*, 6th Dist. Lucas No. L-14-1155, 2015-Ohio-3077, ¶ 19, citing *Lewis*, 6th Dist. Erie No. E-13-051, 2014-Ohio-5599, at ¶ 13-15.

12.

{¶ 26} We find U.S. Bank identified those portions of the record that demonstrated an absence of a genuine issue of material fact of the chain of origination and assignment of the mortgage in real property, which secured Hill's promissory note. We find that on or before April 25, 2016, U.S. Bank was the mortgagee assignee entitled to enforce the terms of the mortgage, which mortgagor Hill entered into in 2006 to secure her obligations under the promissory note. R.C. 5301.01(A); 5301.07(B); 5301.28; 5301.32; 5302.12.

{¶ 27} Third, U.S. Bank provided evidence Hill was in default. U.S. Bank pointed to Ms. Weinberger's affidavit as evidence of Hill's default under the 2006 promissory note, as modified. Monthly payments under the April 17, 2006 note were $564.93, due on the 20th of each month starting May 20, 2006. Monthly payments under the October 5, 2008 loan modification agreement were $499.54, due on the 20th of each month starting October 20, 2008. Finally, monthly payments under the April 11, 2013 settlement agreement were $499.54, due on the 1st of each month starting April 1, 2013. Ms. Weinberger averred that as of July 12, 2017, she reviewed Hill's payment history for the loan, and the payment history "reflects that Hill made no payments after [entering into the settlement agreement] and the loan went into default. Hill has remained in default since that time." True and accurate copies of all documents averred in the affidavit were attached to the affidavit.

{¶ 28} U.S. Bank also pointed to Hills' April 10, 2017 deposition as evidence of Hill's understanding of her obligation to repay the loan and her default status.

13.

Q: You and your husband fully intended to pay the loan back[?]

A: Yes.

* * *

Q: Your understanding [under the settlement agreement] was that you were going to commence making your monthly payments on April 1, 2013, right?

A: Yes.

* * *

Q: What did you talk to SPS about on October 10th of 2013?

A: I guess, a reinstatement quote.

{¶ 29} Hill testified at her deposition she received the reinstatement quote from SPS dated October 10, 2013. Hill also admitted during her deposition to receiving SPS monthly statements dated from October 14, 2013, to September 2, 2016, showing the specific amount to be paid, $650.89, and the payment address. Hill also averred in her affidavit attached to her August 31, 2017 opposition to summary judgment that she received her first mortgage statement dated October 14, 2013. Despite receiving the monthly statements she requested, Hill did not remit any payments for the nearly three years leading up to the April 25, 2016 foreclosure complaint. Hill's reliance on the absence of a "time is of the essence" phrase in the promissory note is misplaced because her failure to abide by the fixed times of performance to pay U.S. Bank on the loan was far beyond any reasonable cure period under the circumstances. *See Lake Ridge*

*Academy v. Carney*, 66 Ohio St.3d 376, 378-379, 613 N.E.2d 183 (1993); *see also United States Constr. Corp. v. Harbor Bay Estates, Ltd.*, 172 Ohio App.3d 609, 2007-Ohio-3823, 876 N.E.2d 637, ¶ 39 (6th Dist.).

{¶ 30} We find U.S. Bank identified those portions of the record that demonstrated an absence of a genuine issue of material fact that on or before April 25, 2016, Hill was in default under the promissory note, as modified. *See* R.C. 1301.201(B)(17).

{¶ 31} Fourth, U.S. Bank provided evidence that all conditions precedent under the promissory note and mortgage were met. U.S. Bank pointed to Ms. Weinberger's affidavit as evidence of Hill's failure to cure her default. Ms. Weinberger averred on May 5, 2015, SPS mailed a "Notice of Default – Right to Cure letters" to Hill at her residence and the real property subject to the mortgage. Ms. Weinberger further averred:

> The notice informed Hill that the loan was due for the March 20, 2013 payment and was in default, stated the amount needed to be paid to cure the default within 30 days of the letter, and provided other information required by the Note and Mortgage. * * * Based on the payment history, the default has not been cured. Thus, the balance due and owing on the loan has been accelerated pursuant to the terms and conditions of the Note and Mortgage. All requirements under the Note and Mortgage necessary to accelerate the loan have been met. All conditions precedent under the Note and Mortgage have been satisfied by the mailing of the notice of default.

15.

True and accurate copies of all documents averred in the affidavit were attached to the affidavit.

{¶ 32} We find the 2006 promissory note contained in the record states Hill's agreement that, "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Hill further agreed in the promissory note:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

The May 2015 notice, also in the record, itemized an "amount to Cure" of $17,624.95 with a cure date of June 4, 2015, which is consistent with the terms of the promissory note.

{¶ 33} U.S. Bank also pointed to Hills' April 10, 2017 deposition as evidence of the notice of default and Hill's right to cure.

> Q: Did you receive a letter in May of 2015 from SPS, giving you notice that there was a default under the note and mortgage and that they're providing you information that you had the right to cure it?
>
> A: Yes.

16.

**{¶ 34}** We find U.S. Bank identified those portions of the record that demonstrated an absence of a genuine issue of material fact that all conditions precedent under the promissory note and mortgage were met. We find that on or before April 25, 2016, Hill received notice of default under the promissory note and mortgage and failed to cure the default. *Lewis*, 6th Dist. Erie No. E-13-051, 2014-Ohio-5599, at ¶ 32.

**{¶ 35}** Fifth, U.S. Bank provided evidence of the amount of principal and interest due. U.S. Bank pointed to Ms. Weinberger's July 12, 2017 affidavit to evidence the damages owed by Hill as "the principal balance of $37,705.86, plus interest at the rate of 6.625% per annum from February 20, 2013, plus late charges, and advances, for taxes, insurance and property protection, and other costs and fees." True and accurate copies of all documents averred in the affidavit were attached to the affidavit.

**{¶ 36}** We find U.S. Bank identified those portions of the record that demonstrated an absence of a genuine issue of material fact of the amount of the principal and interest due. *Lewis* at ¶ 61.

**{¶ 37}** Having found U.S. Bank's motion for summary judgment complied with Civ.R. 56, Hill then had the burden to respond with specificity showing where in the record there was a genuine issue of material fact requiring a trial. Civ.R. 56(E). Hill "may not rest on mere allegations or denials in the pleadings." *Id.* Hill argued a number of genuine issues of material fact existed to defeat U.S. Bank's motion for summary judgment.

17.

{¶ 38} Hill pointed to U.S. Bank's summary judgment motion as evidence of a genuine question of material fact as to whether U.S. Bank "is the holder of the promissory note." Hill argued the February 29, 2016 SPS letter threatening foreclosure contains the admission that U.S. Bank "is unable to find the promissory note and will seek to prove the promissory note using a lost note affidavit." Hill then points out Ms. Nitschke's affidavit was not for a lost note, but, instead, about "her firm has been in the possession of the original promissory note since 2012." Hill further argued a genuine issue of material fact of whether U.S. Bank is, in fact, the holder of the note exists because "nowhere does Ms. Nitschke state that she has been an attorney or agent for U.S. Bank or its current servicer, SPS, during the pendency of this case." Hill further pointed to Ms. Weinberger's affidavit as evidence she only received a copy of the note provided to her by "outside litigation counsel" and failed to state anywhere "that U.S. Bank has possession of the original promissory note, directly or through an agent." Hill argued that U.S. Bank's "own evidence states that [the] promissory note is in the hands of the lawyer for its previous, dismissed servicer" could lead a reasonable mind to conclude neither U.S. Bank nor its agent "has had possession of the promissory note now or at any time during the pendency of this action."

{¶ 39} We find Hill fails to show the existence of facts that are both genuine and material. Hill does not raise evidence of a genuine issue in dispute to require submission to a jury. Nor does Hill raise evidence of a material fact which would affect the outcome under applicable law. Contrary to Hill's assertion, U.S. Bank was not required to first

18.

evidence a "lost note" prior to evidencing it is the holder of the note and mortgage, or is a party entitled to enforce the instrument. Hill does not provide any evidence, other than speculation, contradicting Ms. Nitschke's averment from personal knowledge that her law firm has represented U.S. Bank since 2011 in foreclosure actions regarding the April 17, 2006 promissory note or that since October 2012 her law firm had physical possession of the original promissory note. *Lewis*, 6th Dist. Erie No. E-13-051, 2014-Ohio-5599, at ¶ 15.

{¶ 40} Hill also argued the note was not properly authenticated by any affidavits "because the top of Page 1 of the note was missing." We find this argument lacks merit for two reasons. First, Hill failed to raise this argument at the trial court level in her opposition to U.S. Bank's summary judgment motion, so the trial court did not have the opportunity to first decide the matter. *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16, citing *Hardy v. McFaul*, 103 Ohio St.3d 408, 2004-Ohio-5467, 816 N.E.2d 248, ¶ 9. Second, even if Hill had raised this argument before the trial court, the record contains the affidavits of both Ms. Weinberger and Ms. Ms. Nitschke, as exhibits B and C, respectively, to U.S. Bank's motion for summary judgment. Each affidavit attached a "true and accurate copy of the" note, which contains the top of "Page 1 of 2" beginning with the title, "NOTE." The top of page 1 is, therefore, in the record.

{¶ 41} Hill also challenges the validity of the mortgage because the marital status of Hill and her late husband is not specified. R.C. 5301.04. This court has held that a

genuine issue of material fact does not exist where there is substantial compliance with R.C. 5301.01. *Huntington Natl. Bank v. Kazmaier*, 175 Ohio App.3d 130, 2008-Ohio-603, 885 N.E.2d 314, ¶ 23 (6th Dist.), citing *Burgos v. Areway, Inc.*, 114 Ohio App.3d 380, 383, 683 N.E.2d 345 (8th Dist.1996) and *Mid-American Natl. Bank & Trust Co. v. Gymnastics Internat'l, Inc.*, 6 Ohio App.3d 11, 13, 451 N.E.2d 1243 (6th Dist.1982). The record contains the mortgage at issue, and we find substantial compliance with R.C. 5301.04. The borrower names, Marilyn L. Hill and Gerald J. Hill, and their signatures match both the first and signature pages of the mortgage. Their individual signatures were duly acknowledged by a notary public. In the absence of fraud for the omission of their status in 2006 as husband and wife, which Hill does not allege, any defect in the execution of the mortgage in 2006 remains valid between the parties. *Lasalle Bank N.A. v. Zapata*, 184 Ohio App.3d 571, 2009-Ohio-3200, 921 N.E.2d 1072, ¶ 21 (6th Dist.). As the mortgagee assignee, U.S. Bank succeeded to all the rights of the original mortgagee. *Id.*

{¶ 42} Hill also pointed to the 2013 settlement agreement itself as evidence of a number of genuine questions of material fact.

{¶ 43} Hill argued the settlement agreement failed to contain the "key terms" of "what is the total payment due each month" and "where should the payment be mailed." In light of these omissions, Hill argued for the settlement agreement to have "legal effect * * * it must contain the implication that U.S. Bank would, in the customary manner, inform Mrs. Hill of how much she must pay and where she must pay it."

20.

{¶ 44} We find Hill fails to show the existence of facts that are both genuine and material. We do not find the settlement agreement signed by Hill on April 11, 2013, is missing instructions about payment amounts and methods to render it lacking "legal effect." Section 1 of settlement agreement between Hill and "JPMorgan Chase As Attorney In Fact for U.S. Bank National Association, As Trustee for JP Morgan Mortgage Acquisition Trust 2006-Ch2, Asset Backed Pass-Through Certificates, Series 2006-Ch2" states in exchange for Chase forgiving $27,651.99 of Hill's arrearages under the loan, "Hill agrees to resume monthly mortgage payments pursuant to the terms of the Modification [Agreement] on April 1, 2013. Such payment shall be in the amount of $499.54, principal and interest plus amounts due for taxes and insurance * * *."

{¶ 45} The record also contains the modification agreement dated October 20, 2008, and referenced in Section 1 of the settlement agreement. The modification agreement states, "Effective October 20, 2008, the monthly principal and interest payment will be $499.54. The principal and interest payment does not include any amount for the payment of taxes and/or insurance." We find the same monthly payment obligation by Hill of $499.54 plus taxes and insurance that was in effect since October 20, 2008, was due on April 1, 2013. The record also contains the underlying note dated April 17, 2006, and entered into by Hill and her late husband and referenced by the settlement agreement as evidence of the "Loan." The promissory note states in Section 3 that monthly payments are to be made at "P.O. Box 78828, Phoenix, AZ 65062-8828 or at a different place if required by the Note Holder." The "Note Holder" is defined as

21.

"The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note."

{¶ 46} Hill argued U.S. Bank breached the implied custom of "the sending of the universally-accepted monthly statement containing payment amounts and instructions." Hill urged us to find U.S. Bank's failure to send monthly statements with payment information was "required by the implied duty for the parties to act in good faith and deal fairly towards each other." Hill does not point to an applicable law to support her "universally-accepted" claim of a "custom" of monthly mortgage payment statements as a condition precedent to her payment obligations under the settlement agreement.

{¶ 47} Contrary to Hill's assertions, we do not find the settlement agreement omitted any implied provisions advocated by Hill. Section 11 of the settlement agreement states, "The Parties understand, covenant, and agree that the foregoing constitutes the entire Agreement and that there exist no other agreements, oral, or written, between the Parties." Moreover, the record contains Hills' April 10, 2017 deposition where she admitted that neither the promissory note nor the settlement agreement indicate the lender must first send her a monthly statement before she must make any loan payments, or that the lender had a duty to send her monthly statements. Hill testified she simply "didn't look at it that way" and "assumed" the lender would send her monthly statements.

{¶ 48} Hill also argued breach of contract by U.S. Bank, which she alleged was evidence of a genuine question of material fact. Hill argued her deposition testimony was

22.

evidence of the bad faith breach. She testified Chase bank said "to her face" the loan was delinquent on May 13, 2013 and then refused to accept payment, even though she "brought the matter to the bank's attention at the bank branch" of not receiving monthly statements in the two months since signing the settlement agreement. Hill argued U.S. Bank's bad faith continued with Chase bank's September 2013 letter urging her to sell her home to avoid foreclosure, despite never receiving a monthly statement, and with SPS's October 14, 2013 monthly mortgage statement that include "unauthorized charges." Hill argued any failure to perform by her "is a result of U.S. Bank's breach," which necessarily raises the question of fact of whether U.S. Bank's breach was material because a material breach would excuse Hill's performance under the contract.

{¶ 49} In order to establish a claim for breach of contract, Hill must prove by a preponderance of the evidence: "(1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and (4) damages resulted from that failure." *Lewis*, 6th Dist. Erie No. E-13-051, 2014-Ohio-5599, at ¶ 81, citing *Blake Homes, Ltd. v. FirstEnergy Corp.*, 173 Ohio App.3d 230, 2007-Ohio-4606, 877 N.E.2d 1041, ¶ 77 (6th Dist.).

{¶ 50} We find Hill failed to provide evidence of all four elements for breach of contract. The record contains the 2013 settlement agreement which resolved the then-pending 2011 foreclosure. The record also contains Hill's admissions to failing to pay U.S. Bank $650.89 from October 14, 2013, to September 2, 2016, despite receiving the monthly statements she requested, with the amount due and payment address shown on

23.

the statements.  Thus it is undisputed that on or before the foreclosure complaint filing on April 25, 2016, Hill was in default under the promissory note, as modified.

{¶ 51} Hill also argued fraudulent inducement by U.S. Bank, which she alleged is evidence of a genuine question of material fact.  Hill argued U.S. Bank led her to believe she would receive monthly statements when she agreed to the settlement agreement.

{¶ 52} In order to establish a claim for fraudulent inducement, Hill must prove by clear and convincing evidence:

> (1)  A representation (or concealment of a fact when there is a duty to disclose), (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance. (Citation omitted.)

*BAS Broadcasting, Inc. v. Fifth Third Bank*, 6th Dist. Lucas No. L-17-1146, 2018-Ohio-1324, ¶ 16.  The debtor-creditor relationship between Hill and U.S. Bank does not generally create a fiduciary relationship, absent special circumstances where both parties understand that a special trust or confidence was created.  *Id.* at ¶ 18.  Hill does not allege any material facts of such special circumstances.

{¶ 53} We find Hill failed to provide evidence of all six elements of fraudulent inducement.  Hill failed to allege any material facts to lead us to ascertain the execution of the settlement agreement was not arm's length requiring any duty by U.S. Bank to

24.

disclose to Hill additional information other than what is contained in the settlement agreement. *Id.* at ¶ 20. To be successful, Hill must show the "'fraud relates not to the nature or purport of the [settlement agreement], but to the facts inducing its execution.'" *Miano v. Best*, 2017-Ohio-343, 77 N.E.3d 555, ¶ 26 (6th Dist.), quoting *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14, 552 N.E.2d 207 (1990). Moreover, to seek to void the settlement agreement in the context of a fraudulent inducement claim, Hill must show she returned to U.S. Bank the consideration she received for release of her claims. *Haller* at 14. According to the settlement agreement's recitation of consideration of "payments, promises and other benefits provided in the Agreement," U.S. Bank forgave $27,651.99 in arrearages plus directly paid Hill $20,000. Hill did not allege the return of any such consideration, which is necessary "so that the parties may be placed in the positions they enjoyed prior to the practice of the fraud alleged." *Id.*

{¶ 54} We find there is no genuine issue as to any material fact and that U.S. Bank is entitled to judgment as a matter of law and that reasonable minds can come to but one conclusion and that conclusion is adverse to Hill.

{¶ 55} Hill's first and second assignments of error are not well-taken.

### B. Decree in Foreclosure

{¶ 56} In support of her third assignment of error, Hill argued the 2006 mortgage was void pursuant to R.C. 5301.01(A), resulting in U.S. Bank failing to be the mortgagee assignee. Hill argued the mortgage "was not properly notarized because the

25.

acknowledgment clause of the mortgage is blank. The notary signed the mortgage but did not state than anyone appeared in the notary's presence to sign the mortgage."

{¶ 57} In response U.S. Bank argued the 2006 mortgage was not void pursuant to R.C. 5301.01(A), and any omission of the marital status of Hill and her late husband in the mortgage was a mutual mistake of the parties and properly remedied by an order for reformation.

{¶ 58} The trial court's October 3, 2017 judgment entry and decree in foreclosure stated:

> The Court * * * declares that the acknowledgment clause of the Mortgage substantially complies with R.C. 5301.01(A), and that the Mortgage is valid and enforceable; that the Mortgage is reformed to reflect that Marilyn L. Hill and Gerald J. Hill were married at the time they executed the Mortgage; * * * .

{¶ 59} Having previously determined the mortgage substantially complied with R.C. 5301.01(A), we find that even if the certificate of acknowledgment was defective in any respect, the trial court was authorized to cure pursuant to R.C. 5301.07(C)(3). The notary acknowledgment from the mortgage states, "This instrument was acknowledged before me this 17th day of April 2006." We further find by clear and convincing evidence the trial court committed no error to order reformation of the 2006 mortgage to reflect the undisputed marital status of Hill and her late husband at the time they executed

26.

the mortgage.  *Wagner v. Natl. Fire Ins. Co.*, 132 Ohio St. 405, 412-413, 8 N.E.2d 144 (1937).

{¶ 60} Hill's third assignment of error is not well-taken.

{¶ 61} In support of her fourth assignment of error, Hill argued the trial court abused its discretion when it entered its October 3, 2017 judgment entry before the final judicial report was filed, in violation of Ottawa County Court of Common Pleas Local Rule 26.02. In response U.S. Bank argued the trial court did not abuse its discretion because the purpose and intent of the rule was followed, and it is within a court's sound discretion whether specific circumstances warrant deviation from its own rules.

{¶ 62} We review a trial court's control of its own docket and the progress of proceedings in its court, including following its own local rules, for abuse of discretion. *Dodson v. Maines*, 6th Dist. Sandusky No. S-11-012, 2012-Ohio-2548, ¶ 47, citing *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. Warren No. CA2007-05-066, 2008-Ohio-1351, ¶ 37. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "'[L]ocal rules are of the court's own making, procedural in nature, and not substantive principles of law.  Accordingly, it has been held that there is no error when, in its sound discretion, the court decides that the peculiar circumstances of a case require deviation from its own rules.'" *Dodson* at ¶ 47, quoting *Paramount Parks* at ¶ 37.

27.

**{¶ 63}** The local rule at issue states:

> At the time of entry of judgment in any such case a final certificate of extension of the evidence of title shall be prepared and filed in accordance with the foregoing requirements showing the address or location of the property and the record state of title as of a date not more than thirty (30) days prior to the taking of the decree. Such extension shall also become and remain a part of the files in the case. Failure to comply with the foregoing rule shall be grounds for dismissal of an action.

Loc.R. 26.02 of the Court of Common Pleas of Ottawa County, General Division. Since Loc.R. 26.02 references Loc.R. 26.01, we find that section outlines procedures for the "evidence of the state of the record title to the premises in question" in actions to "quiet title, partition and for the marshaling and foreclosure of liens on real property," making such evidence of title a part of the files in the case. Loc.R. 26.01 further states, "Where the evidence of title indicates that necessary parties have not been made defendants, the attorney for the party filing the same shall proceed without delay to cause such new parties to be added and served."

**{¶ 64}** "The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39. The record contains a "Notice of Filing Final Judicial Report * * * pursuant to Local Rule 26.02" dated October 3, 2017,

28.

and journalized on October 6, 2017. *See* R.C. 2329.191. The final judicial report was dated October 25, 2016, and the supplemental report was dated September 19, 2017. The supplemental report did not identify any "necessary parties that have not been made defendants" pursuant to Loc.R. 26.01. The final judicial report, as supplemented, was dated within 30 days prior to the October 3, 2017 decree in foreclosure pursuant to Loc.R. 26.02. The final judicial report, as supplemented, was dated and served by e-mail on October 3, 2017, the same day as the judgment entry and decree in foreclosure.

{¶ 65} We find the trial court did not abuse its discretion when it entered its judgment entry and decree in foreclosure the same day the final judicial report was served, but not yet journalized.

{¶ 66} Hill's fourth assignment of error is not well-taken.

{¶ 67} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Hill is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.