[Cite as *Eagle Loan Co. of Ohio, Inc. v. Phoenix*, 2019-Ohio-2258.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Eagle Loan Company of Ohio, Inc.      Court of Appeals No. L-18-1177

    Appellee      Trial Court No. CI0201704384

v.

David Phoenix      **DECISION AND JUDGMENT**

    Appellant      Decided: June 7, 2019

* * * * *

Howard B. Hershman, for appellee.

David Phoenix, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment by the appellee. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On October 10, 2017, plaintiff-appellee, Eagle Loan Company of Ohio, Inc., filed a complaint against pro se defendant-appellant, David Phoenix, setting forth two claims: default on a promissory note resulting in monetary damages to appellee of $2,741.39 plus interest and costs and possession of appellant's Mercedes Benz vehicle which secured the promissory note. Appellant generally denied the allegations and attached a number of exhibits to his answer, as subsequently amended. Pursuant to the trial court's scheduling order, appellee filed a motion for summary judgment which it supplemented after appellant filed an amended answer. On August 2, 2018, the trial court journalized its judgment entry granting appellee's motion.

{¶ 3} Appellant then filed this pro se appeal setting forth four assignments of error:

I. The Trial Court Erred when it granted summary judgment in favor of appellee without considering the discovery requests of appellant.

II. The Trial Court Erred when it ruled in favor of appellee's action without jurisdiction.

III. The Trial Court Erred when it ruled in favor or appellee with evidence of an assignment in violation of Ohio Administrative Code 1301:8-2-12(F) (sic).

IV. The Trial Court Erred when it ruled against appellant without complete adjudication of all issues involved.

2.

## 1. Standard of Review

{¶ 4} Our review of trial court summary judgment determinations is de novo, employing the same Civ.R. 56 standard as trial courts. *Levy v. Huener*, 6th Dist. Lucas No. L-17-1081, 2018-Ohio-119, ¶ 11, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 5} According to Civ.R. 56(C), summary judgment may be granted only:

[I]f the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 6} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Levy* at ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).

3.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

Civ.R. 56(E).

{¶ 7} When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact for trial. *Id.* A material fact is one which would affect the outcome of the suit under the applicable substantive law. *Levy* at ¶ 12, citing *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999). To determine if a genuine issue exists, we inquire whether the evidence in dispute is sufficient to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Wall v. Firelands Radiology*, 106 Ohio App.3d 313, 322-323, 666 N.E.2d 235 (6th Dist.1995).

{¶ 8} Although appellant is pro se, he must still follow the same rules and procedures as attorneys. *HSBC Bank USA, N.A. v. Takats*, 6th Dist. Lucas No. L-14-1155, 2015-Ohio-3077, ¶ 9. We may afford pro se appellant reasonable leeway in the construction of pleadings in the interests of justice. *Id.* The principles of reasonable leeway for appellant's pro se brief do not extend to this court conjuring up questions

4.

never squarely asked or constructing full-blown claims from convoluted reasoning. *Kenwood Gardens Ass'n., LLC v. Shorter*, 6th Dist. Lucas No. L-10-1315, 2011-Ohio-4135, ¶ 8. Nor does reasonable leeway extend to crafting well-articulated claims from poorly drafted arguments. *HSBC Bank United States NA v. Beins*, 6th Dist. Lucas No. L-13-1067, 2014-Ohio-56, ¶ 6. Ultimately, a pro se litigant may not be given any greater rights than a party represented by counsel and bears the consequences of any litigation mistakes. *Id.* at ¶ 7.

{¶ 9} Pursuant to App.R. 16(A)(3), appellant is required to state the assignments of error presented for review, with reference to the place in the record where each error is reflected. Pursuant to App.R. 16(D) and 6th Dist.Loc.App.R. 10(C), appellant is required to reference to the record to the volumes and page number of transcript. The record on appeal is limited to the original papers and exhibits filed in the trial court, the transcript of proceedings and certified copies of the docket and journal entries prepared by the trial court clerk. App.R. 9(A).

### 2. Subject-matter Jurisdiction

{¶ 10} Appellant's second assignment of error challenges the trial court's "jurisdiction." Appellant argues his jurisdictional challenge shifted the burden of proof to appellee. Appellant argues "Appellee has failed to come forth with any redressible injury, or proof of causation. * * * 'Causation' means that there be some reasonable connection between [the] negligent act or omission of defendant and damage which

plaintiff has suffered." Appellant further argues appellee violated Civ.R. 10(D) by failing to "establish the existence of a valid assignment agreement."

{¶ 11} In response, appellee argues the trial court at all times had subject-matter jurisdiction. Appellee argues the trial court had subject-matter jurisdiction in a civil action for contract damages and for a possession of the collateral.

{¶ 12} Subject-matter jurisdiction, which goes to the power of the trial court to adjudicate the merits of a case, may be challenged at any time. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. We review de novo the question of law whether a trial court had subject-matter jurisdiction. *Cirino v. Ohio Bur. of Workers' Comp.*, 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 17.

> Ohio's common pleas courts are endowed with "original jurisdiction over all justiciable matters * * * as may be provided by law." Jurisdiction has been "provided by law" in R.C. 2305.01, which states that courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." This court has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to "all matters at law and in equity that are not denied to it."

(Citations omitted.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20; Ohio Constitution, Article IV, Section 4(B).

6.

**{¶ 13}** We reviewed the record and find the trial court had subject-matter jurisdiction in this matter, which involves claims of default on a promissory note and possession of the collateral, a vehicle.

**{¶ 14}** Appellant's second assignment of error is not well-taken.

### 3. Standing

**{¶ 15}** Appellant's third assignment of error appears to challenge appellee's standing to file its complaint. Appellant argues the trial court's judgment is void because appellee was not the real party in interest to enforce the loan. Appellant argues appellee violated "Ohio Administrative Code 1301:8-9-12(F)" (sic) because it was not "TEXAS CAPITAL BANK N.A." as shown in exhibit "C" attached to his appellate brief. Appellant essentially argues appellee lacks standing because it assigned the promissory note to "TEXAS CAPITAL BANK N.A."

**{¶ 16}** In response, appellee argues it had standing and is the real party in interest in the promissory note upon which it obtained judgment. Appellee argues nothing in the record indicates the subject promissory note was assigned to a third party.

**{¶ 17}** Standing is a fundamental concept, a "jurisdictional requirement," that a party must have some real interest in the subject matter of the action. (Citations omitted.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22. The issue of standing may be raised at any time during the pendency of the proceedings. *Id.* Standing is to be determined as of the filing of the complaint. *Id.* at ¶ 27. No specific documents are necessary to establish standing due to the particular

7.

facts of each case. *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 30-31.

{¶ 18} We reviewed the record and find appellant's reliance on exhibit "C" and the administrative code are misplaced. The exhibit "C" attached to appellant's brief did not point to where in the record it is found nor where any assignment clause exists for our review. Nor could we confirm appellant's reliance on "Ohio Administrative Code 1301:8-9-12(F)." Even if "Ohio Administrative Code 1301:8-9-12(F)" once existed, any rules under Ohio Adm.Code 1301:8-9 were rescinded effective September 25, 2009.

{¶ 19} Appellee states in its complaint appellant defaulted on a promissory note resulting in monetary damages to appellee. Paragraph one of the complaint states, "On the date indicated therein defendant, David Phoenix, executed and delivered to plaintiff a promissory note, a copy of which is attached hereto and marked Exhibit A." Attached to the complaint are the promissory note and security agreement, each dated May 31, 2016, which identify appellant as borrower, appellee as payee, and appellant's vehicle as the collateral. In his November 13, 2017 "Answer to Complaint," appellant admitted the allegation of paragraph one of the complaint. Although it is unclear in the record where appellant filed his amended complaint, a proposed "Defendant Amended Answer to Complaint" was attached to his April 25, 2018 motion for leave to file it. In his proposed amended complaint appellant denied the prior admission, but explained, "Defendant is not in default, plaintiff has shown not (sic) proof of default or a correct accounting showing debits and credits in this transaction." We find that based on the foregoing,

8.

appellant does not dispute the existence of the loan transaction documents with appellee because he was disputing the amount of damages appellee claimed was due from the alleged default.

{¶ 20} We reviewed the record and found the appellee had standing to bring the complaint in this matter.

{¶ 21} Appellant's third assignment of error is not well-taken.

### 4. Summary Judgment Analysis

{¶ 22} Appellant's first assignment of error challenges the trial court's grant of summary judgment because a genuine issue of material fact exists regarding the trial court's failure to consider his discovery requests. Appellant argues, "The defendants (sic) motions for dismissal and or summary judgment before any discovery had been taken and without providing plaintiff an opportunity to conduct discovery effectively nullifies Rule 56 of the Federal Rules of Civil Procedure." Appellant argues he must receive a full opportunity to conduct discovery to successfully defeat a motion for summary judgment. Appellant further argues the trial court erred by prematurely granting summary judgment to appellee because "[i]t was an abuse of discretion to deny discovery in this case. The Trial Court appellee (sic) failed to prove any injury or causation and the insufficient evidence does not cure this defect."

{¶ 23} In response, appellee argues appellant's claim of outstanding discovery demands do not raise genuine issues of material fact to defeat summary judgment. Appellee argues its summary judgment motion was timely filed pursuant to Civ.R. 56.

9.

Appellee further argues, "Defendant never made a request to suspend consideration of the motion for summary judgment to conduct further discovery."

{¶ 24} Appellant did not identify in the record what discovery requests he made pursuant to applicable civil rules of procedure that were still pending as of the trial court's July 31, 2018 decision. Nor did appellant identify how those allegedly outstanding discovery requests evidenced a genuine issue of material fact to defeat summary judgment. We find the record shows the trial court's November 20, 2017 scheduling order set October 5, 2018, as the filing deadline for motions for summary judgment. The scheduling order separately set trial for April 8, 2019, with discovery to be completed by March 25, 2019. Appellee timely filed its motion for summary judgment on April 12, 2018. Civ.R. 56(A)-(B).

{¶ 25} "Clearly a promissory note is a designation which is universally understood as an instrument for the payment of money." *Burke v. State*, 104 Ohio St. 220, 223, 135 N.E. 644 (1922). We review a promissory note, which is a written contract between the parties, de novo as a matter of law. *Bay Coast Properties v. Natl. City Bank*, 6th Dist. Huron No. H-05-015, 2006-Ohio-2348, ¶ 13. The rules of contract interpretation apply to the interpretation of promissory notes. *Cranberry Fin., LLC v. S&V Partnership*, 186 Ohio App.3d 275, 2010-Ohio-464, 927 N.E.2d 623, ¶ 9 (6th Dist.). Where the contract terms are clear and unambiguous, there is no issue of fact to be determined because the interpretation is a matter of law. *Id*. As such, summary judgment is appropriate in breach-of-contract cases. *Hinsch v. Root Learning, Inc.*, 6th Dist. Lucas No. L-12-1192,

10.

2013-Ohio-3371, ¶ 55. It is well-settled a promissory note is the primary evidence of the debt of the obligation of the maker, and the security interest in, for example, a vehicle, is merely the security for payment of the note. *Washer v. Tontar*, 128 Ohio St. 111, 113, 190 N.E. 231 (1934). To support a breach of contract claim, appellee must present evidence of a contract, performance by appellee, breach by appellant, and damage or loss to appellee. *McCormick v. Credit Acceptance Corp.*, 6th Dist. Lucas No. L-16-1111, 2017-Ohio-5687, ¶ 18.

{¶ 26} In support of its motion for summary judgment, appellee attaches an affidavit by John Schramm with personal knowledge acquired as an assistant branch manager for appellee. Mr. Schramm avers, among other facts, appellant entered into a promissory note with appellee on May 31, 2016, which was secured by appellant's 2000 Mercedes Benz CL 5. The affidavit attaches copies maintained as business records of the promissory note, security agreement and certificate of title to appellant's vehicle. Mr. Schramm further avers appellant's payments ended February 7, 2017, as evidenced by the attached "printoff * * * showing the account history for the loan made to David Phoenix." The attachment is identified as a "History Card" from May 3, 2016, through April 29, 2017, and itemizes entries for "Date Paid," "This Payment Was Due," "Balance Before Payment, "Paid on Late Charge," "Paid on Escrow," "Paid on Other," "Paid on Interest," Paid on Principal," "Total Payment, and "Balance After Payment." The promissory note shows appellant borrowed the principal amount of $2,907.36 from appellee and agreed to make 18 monthly payments totaling $3,539.87, with the final

11.

payment due December 15, 2017. The promissory note also shows appellant granted a security interest in the subject vehicle as collateral for the repayment of the indebtedness.

{¶ 27} On May 8, 2018, appellee sought leave to file a supplemental summary judgment memorandum in response to appellant's proposed amended answer so that all issues could be addressed by summary judgment. The trial court granted the motion. Appellee then argues appellant failed to plead material facts to support his new, vague defenses. Appellee further argues the applicable law for the subject lending transaction is pursuant to R.C. 1321.01 through 1321.21 and the applicable law for the subject security interest in the vehicle is pursuant to R.C. Chapter 1309.

{¶ 28} We find appellee points to Mr. Schramm's affidavit and attachments thereto as evidence of each element of the breach of contract claim and the claim for possession of the vehicle which secured appellant's indebtedness to appellee. We find the record shows appellee filed a properly supported motion for summary judgment. Consequently, the burden shifts to appellant to respond with specific facts showing that there is a genuine issue of material fact for trial. Appellant does not meet his burden by resting on mere allegations or denials in the pleadings. Civ.R. 56(E).

{¶ 29} Appellant repeatedly argues on appeal he is entitled to an "accounting," but does not show what genuine issues of material facts arise from the accounting already provided by appellee other than his unilateral disagreement with it. In fact, the record shows appellant never filed any opposition to appellee's motion for summary judgment, despite extensions of time from the trial court to do so.

12.

{¶ 30} We liberally reviewed the record for appellant's discovery-related requests, which appellant argues on appeal were necessary to oppose summary judgment.

{¶ 31} First, we find on April 25, 2018, appellant filed a "Notice Demand for Verified Copy of Account" in which he demanded "a copy of the alleged account on which the complaint is founded" and "a full verified statement of the items that make up the total of plaintiff's demand * * *." That day appellant also filed a "Motion for Extension of Time to Respond to Plaintiff Summary Judgment Motion" claiming he had until May 2019 in which to conduct discovery "necessary to oppose a motion for summary judgment." Appellant requested until May 30, 2018, "to respond to Eagle Loan Company's motion for summary judgment," and the trial court granted appellant's motion. Appellant did not file anything in the record by May 30, 2018.

{¶ 32} Then on June 4, 2018, appellant filed "Defendant Motion for Leave to File Late Reply" explaining he had faulty printer and computer problems. Appellant requested "an order from the court granting leave to file Amended Answer attached respectfully." However, on April 27, 2018, the trial court previously granted appellant leave to file an amended answer. Nevertheless, the trial court granted appellant until June 21, 2018, to file his amended answer. The record does not show appellant filed his amended answer pursuant to the trial court's order. However, appellee concedes appellant's amended answer was filed instanter upon the trial court's order.

{¶ 33} Separately, on June 21, 2018, appellee filed a memorandum questioning the purpose of appellant's motion. Appellee stated in its memorandum:

13.

Whether this is considered as an actual motion seeking a decision of the court or is simply the reason defendant intended to give the court as justification for his opposition to summary judgment being granted, plaintiff's response is that the matter is not material to the resolution of this case or the motion for summary judgment * * *.

{¶ 34} In his July 6, 2018 "Defendant's Reply to Plaintiff Memorandum Regarding Motion for Leave to File Late Response to Summary Judgment and Motion to Preclude Evidence of Account," appellant states his "motion to preclude account is due to plaintiffs (sic) failure to come forth with evidence of an accurate and verified accounting in this matter. * * * There is a genuine issue of material fact as to the amount of damages suffered as a result of a breach of contract [which] precludes summary judgment." Appellant further argues "discovery has not yet been completed in this matter, the accounting in this matter is certainly material to the damages plaintiff claims and the proof of the accounting as well as other discovery in this matter will certainly preclude summary judgment in favor of plaintiff." Appellant requested a "continuance" to appellee's summary judgment motion "as it is filed prematurely as discovery has just begun." *See Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, ¶ 20. Thus, we find appellant's demands for an "accounting" was the focus of his foregoing pleadings.

{¶ 35} Second, we also find on June 4, 2018, appellant filed in the record "Defendant's Motion for Temporary Restraining Order" requesting an order "staying

14.

repossession and sale of his vehicle, and all proceedings to enforce the sale of defendant's private property. * * * A temporary restraining order is requested due to the sentimental value attached to the vehicle." Appellee opposed the motion, and on July 6, 2018, appellant requested a hearing on his motion. In his hearing request, appellant argues appellee is not the real party in interest because the promissory note, which he acknowledges executing, "has been altered and so changed and the original has been requested via discovery." Appellant then states, "A hearing is requested to see if a temporary restraining order is appropriate in this matter to prevent unlawful repossession of the vehicle in question." On July 31, 2018, the trial court denied appellant's motion for a temporary restraining order concurrently with granting appellee's motion for summary judgment.

{¶ 36} Appellant's request for injunctive relief for a temporary restraining order is governed by Civ.R. 65(A). A trial court's decision to grant or deny an injunction is solely within its discretion, which we review for abuse. *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 604, 653 N.E.2d 646 (1995). Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). We find appellant's interest in seeking injunctive relief was to keep his vehicle with sentimental value, not to address a genuine and

15.

material discovery dispute to allow him to oppose summary judgment. We do not find the trial court abused its discretion when it denied appellant's request for injunctive relief.

{¶ 37} Third, we find the record contains appellee's "Motion for Protective Order" filed on July 26, 2018, pursuant to Civ.R. 26. Appellee admits appellant sent interrogatories and document production requests to appellee, but "the requests are apparently issued simply for their value as a tool of harassment and to compound the expense of litigation." Appellee further states in its motion:

A number of requests evidence a complete disregard for the fact that what is requested has already been produced and authenticated in the affidavit of plaintiff's affiant in support of the motion for summary judgment. None of the material requested, beyond what has already been produced, has any apparent relationship to the case in that the answers sought or the documents to be produced, would be in service of any claim or defense asserted by the defendant. * * * It is apparent that the defendant has taken his direction in this matter from counsel he has found on the internet and has developed a discovery package, the purpose of which seems to be directed to obfuscating the issues before the court rather than illuminating them and placing an unnecessary burden on plaintiff just for the purpose of harassment. Before plaintiff is required to go through this exercise, defendant should be required to demonstrate that the information he seeks has some rational relationship to the claims or defenses that he has

advanced; that the information has not already been produced; and articulate how the requested disclosures would either assist in the proof of a defense or would lead to other discoverable evidence that would assist in the proof of a defense.

**{¶ 38}** Appellant did not oppose the motion. On August 15, 2018, the trial court denied the motion as moot in light of its decision on summary judgment. A trial court's decision on discovery matters, including the grant or denial of a protective order, is reviewed on appeal for abuse of discretion. *Maschari*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, at ¶ 18-20. We do not find the trial court abused its discretion when it denied appellee's motion.

**{¶ 39}** Despite appellant's arguments on appeal, we do not find in the record any denial of discovery by the trial court against appellant. Appellant's insistence on the mere existence of outstanding discovery does not necessarily make summary judgment inappropriate because appellant has the burden to show the facts in dispute must be both genuine and material as required by Civ.R. 56. *Romstadt v. Garcia*, 2017-Ohio-7277, 96 N.E.3d 952, ¶ 23 (6th Dist.). In the record appellant repeatedly states he needs a "verified statement" or "verified accounting" to oppose summary judgment. Pursuant to Civ.R. 56(E), such accounting was provided by Mr. Schramm's affidavit attached to appellee's motion for summary judgment. Mr. Schramm's affidavit also attached his letter dated April 28, 2017, to appellant providing him "a payoff letter, copy of the title

17.

showing our lien, and a listing of personal property taken at the time of your last loan with us."

**{¶ 40}** It is obvious by his appeal, appellant disagrees with the accounting received from appellee. However, he does not proffer any evidence beyond that general disagreement to show there is a genuine issue of material fact requiring a trial. *See CanDo Credit Union v. Pollock*, 6th Dist. Lucas No. L-12-1233, 2013-Ohio-3851, ¶ 9. Similarly, appellant's claim of pending discovery that appellee is not the real party in interest does not go beyond his exhibit "C," which fails to show there is a genuine issue of material fact requiring a trial. Despite appellant's insistence otherwise, unnecessary factual disputes will not preclude summary judgment. *Wall,* 106 Ohio App.3d at 322, 666 N.E.2d 235.

**{¶ 41}** We find that in viewing most favorably to appellant the record evidence allowed by Civ.R. 56, there is no genuine issue as to any material fact, appellee is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, and that conclusion is adverse to appellant.

**{¶ 42}** Appellant's first assignment of error is not well-taken.

### 5. Complete Adjudication

**{¶ 43}** Appellant's fourth assignment of error challenges the trial court's grant of summary judgment as an incomplete "adjudication of all issues involved." Appellant argues the trial court "must consider the entire record in the action, not just those pieces of evidence that have been singled out for attention by the parties." Appellant further

18.

argues "the trial court erred when it failed to address appellant's discovery request," which he explained was "mainly an accounting."

{¶ 44} In response, appellee argues the trial court did not err because its summary judgment decision disposed of all claims pending before it and granted all the relief appellee requested. Appellee argues both of the counts in the complaint, one for recovery of money owed on a promissory note and the other for possession of the vehicle that served as collateral security for the note, were resolved by the trial court's decision with no other claims unresolved.

{¶ 45} Civ.R. 56(D) governs summary judgment decisions that do not fully adjudicate a case:

> If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

19.

{¶ 46} We reviewed the trial court's July 31, 2018 decision. Although succinct, the decision disposed of the whole case:

This day this cause came to be hear upon motion of the plaintiff for summary judgment, and the court finding said motion well taken, the same is hereby granted. Construing the evidence most strongly in favor of the defendant, the court finds that reasonable minds could only conclude that there is no issue as to any material fact and plaintiff is entitled to the judgment it seeks as a matter of law.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** (emphasis sic) that plaintiff is granted judgment against defendant, David Phoenix, in the sum of $2775.60 together with interest at the rate of 25% per annum from 1/17/18 until paid plus costs upon Count I. The court further orders that plaintiff have immediate possession of the 2000 Mercedes Benz * * *; that defendant immediately deliver said vehicle to plaintiff; that upon plaintiff's request the bailiff or other levying officer take possession of said vehicle, without bond, and deliver it to plaintiff; and that the Clerk of Courts, Auto Title Division, transfer title to said vehicle to plaintiff in order for plaintiff to exercise its rights in said vehicle as a secured creditor.

This is a final appealable order. The clerk is ordered to comply with Civil Rule 58(B) by serving upon all parties not in default notice of the judgment in the manner required by Civil Rule 58(B).

**{¶ 47}** We find the trial court's decision on summary judgment disposed of, and fully adjudicated the merits of, all claims before it.

**{¶ 48}** Appellant's fourth assignment of error is not well-taken.

### 6. Conclusion

**{¶ 49}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.