[Cite as *U.S. Asset Mgt., Inc. v. Howansky*, 2026-Ohio-1170.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| U.S. Asset Management, Inc. | Court of Appeals No. WD-25-043 |
| Appellee | |
| | Trial Court No. 2024CV0716 |
| v. | |
| Jared Howansky | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 31, 2026 |

* * * * *

Jared Howansky, for appellee.

Matthew L. Schrader, for appellant.

* * * * *

**ZMUDA, J.**

## I.      Introduction

{¶ 1}   This matter is on appeal of the judgment of the Wood County Court of Common Pleas, granting summary judgment in favor of plaintiff/appellee U.S. Asset Management, Inc. and against defendant/appellant Jared Howansky. For the reasons that follow, we affirm.

## II.      Facts and Procedural Background

{¶ 2} Appellant, U.S. Asset Management, Inc. (USAM) filed its complaint on December 4, 2024. In its complaint, USAM alleged execution of a promissory note by

appellant, Jared Howansky (Howansky) and disbursement of funds for education to Howansky by Sallie Mae. Additionally, USAM alleged they purchased the note from Sallie Mae in 2020 and Sallie Mae mailed a notice of the sale of Howansky's debt, detailing the current balance at the time of sale of $9,146.91 plus accrued interest of $6,171.06 and costs of $33.66. USAM alleged that the amount remains due, and as assignee, USAM was enforcing the note. As part of the complaint, USAM included an electronically signed copy of the promissory note, the bill of sale transferring the note to USAM, and a copy of the correspondence sent from Sallie Mae to Howansky as notice of the new owner of the debt.

{¶ 3} In response to the complaint, Howansky filed an "answer and affirmative defenses" on March 14, 2025, appearing pro se. Howansky stated he "lacked knowledge" as to the allegations, and in the alternative, denied that the signature was his or that – if the signature was proven his – that the signature does not establish "any current, valid, or enforceable debt." Howansky stated:

> Defendant denies the allegation that sufficient demand was made or that Defendant failed to liquidate any balance that may have been due and owing. Plaintiff did not provide adequate documentation or a complete payment history establishing the precise date of any alleged default or otherwise proving the alleged debt is within the applicable statute of limitations. To the extent any default date is eventually proven, Defendant asserts it will confirm the alleged debt is time-barred. Defendant further denies any indebtedness to Plaintiff and demands strict proof thereof.

{¶ 4} On March 31, 2025, Howansky filed a motion for summary judgment, based on the statute of limitations and the lack of "a complete payment history or any documentation showing payment, acknowledgment, or activity within the statute of

2.

limitations." In response, USAM mailed copies of the bill of sale, application and promissory note, the account history and final disclosure, and the account statements to Howansky, with a "notice of submission" filed on April 1, 2025. USAM followed up with opposition to the motion for summary judgment, arguing the law of Utah governs the note and the claim was filed within the six-year statute of limitations of Utah. USAM later filed a supplemental brief, attaching the same documents it filed in response to Howansky's claim of deficient documentation of USAM's claim. Howansky filed a motion to strike USAM's supplemental brief, arguing the attached documentation was inadmissible as evidence.

{¶ 5} In a filing on April 25, 2025, Howansky moved for dismissal of USAM's complaint based on failure to commence, citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.,* 2007-Ohio-3762. However, Howansky never asserted failure of service as an affirmative defense. Instead, Howansky filed a motion to strike the certificate of service. Howansky also filed a memorandum with the trial court, complaining that USAM's counsel failed to phone him as ordered by the trial court to address potential resolution. Howansky subsequently filed an affidavit in the case, noting he requested USAM's counsel *not* to call him, and that everything should be put in writing and filed with the court.

{¶ 6} On April 24, 2025, USAM filed its motion for summary judgment, with an attached "affidavit and verification of account," a copy of the promissory note dated May 28, 2015 with funds disbursed July 30, 2015, a billing statement dated June 19, 2019

3.

showing the total balance owed in the amount of $9,742.63, with the last payment made January 11, 2019.[1]

{¶ 7} In response to USAM's motion, Howansky filed a "notice of damages and preservation of federal claims" to preserve his claim for damages "as a direct and proximate result of Plaintiff's wrongful conduct." He alleged to have damages for "exacerbation of pre-existing, medically documented conditions," and damages based on the need for unscheduled leave from employment to address the suit and "time and labor lost" and mailing fees and court filing expenses based on "Plaintiff's repeated procedural misconduct." He also gave notice that he reserved his right to assert a Fair Debt Collection Practices claim and a claim under the Ohio Consumer Sales Protection Act.[2] Howansky also filed a "motion for limited authority to issue subpoenas" along with numerous other filings that USAM summarized in its "memorandum in opposition to the influx of filings made by defendant after April 17, 2025."

{¶ 8} Howansky also filed opposition to USAM's motion for summary judgment, consisting of a single paragraph, as follows:

> Now comes Defendant, Jared Howansky, pro se, and hereby submits this response in light of the jurisdictional objection previously raised and reflected in other filings. Jurisdiction has not been explicitly addressed by the Court. Procedural issues remain unresolved in the record. Nothing herein shall be construed as a response to the merits, a concession and/or waiver, and Defendant reserves *all* procedural statutory objections, as well as all civil rights, accordingly.

---

[1] Thus, USAM filed its complaint about five years, 11 months after the date of the last payment.
[2] Howansky never sought leave to amend his pleading to include these claims as counterclaims.

4.

(Emphasis in original).

{¶ 9} In its reply brief, USAM argued it presented evidence demonstrating their entitlement to judgment on their collection claim, shifting the burden to Howansky to present evidence of his own that demonstrated a genuine dispute over a material fact. Based on Howansky's failure to present any rebuttal evidence, USAM argued it was entitled to summary judgment.

{¶ 10} On June 16, 2025, the trial court denied Howansky's motion for summary judgment and granted summary judgment for USAM. In addressing Howansky's jurisdictional challenge based on service, the trial court noted Howansky's failure to assert any challenge to service as an affirmative defense in his answer resulted in waiver of the defense. The trial court denied Howansky's motion to strike USAM's supplemental brief in opposition to Howansky's motion for summary judgment, deeming the supplemental brief filed with leave of court as Howansky did not claim any undue prejudice resulting from the supplemental filing. The trial court also found the unauthenticated documents, attached to the supplemental brief, were not inadmissible hearsay. The trial court further found that USAM's complaint was filed within the six-year statute of limitations under the applicable Utah law.

{¶ 11} As to USAM's motion for summary judgment, the trial court found USAM provided evidence to support its claim to collect the debt owed and that Howansky did not dispute the facts, as shown in USAM's documentation of Howansky's debt. The trial court further found that Howansky provided no contrary evidence, demonstrating a

5.

genuine issue of material fact. Therefore, the trial court found that USAM was entitled to judgment as a matter of law. The trial court granted judgment for USAM in the amount of $9,146.91, with accrued interest of $6,171.06, interest from the date of judgment at 8.00% per annum, and costs in the amount of $33.66.

{¶ 12} Howansky filed a timely appeal of the judgment.

### III.    Assignment of Error and Analysis

{¶ 13} On appeal, Howansky argues the following assignments of error:

> Assignment I: The trial court committed reversible error by granting summary judgment on a foundation of incompetent evidence – relying on an affidavit and exhibits inadmissible under Civ.R. 56(E) and the Ohio Rules of Evidence. Because this evidence was a legal nullity, Appellee never satisfied its initial burden under *Dresher v. Burt,* and the duty of production never shifted to Appellant.

> Assignment II: The trial court committed reversible error by inverting the burden of proof under *Dresher v. Burt* – faulting the nonmovant for not disproving what the movant never proved, while excusing Appellee's own evidentiary failures under an 'undue prejudice' rationale foreign to Civ.R. 56.

Because Howansky's assignments of error are related, we address them together.

### IV.    Analysis

{¶ 14} The trial court denied Howansky's motion for summary judgment and granted USAM's motion for summary judgment. We review the trial court's decision on summary judgment applying a de novo standard of review. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996).

{¶ 15} To prevail on a motion for summary judgment, the moving party must demonstrate:

6.

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.

*Grafton* at 105. In support of the motion, the moving party must identify evidence of the type listed in Civ.R. 56(C) to demonstrate an absence of genuine issues of material fact on essential element's of the party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth facts in accordance with Civ.R. 56(E) that demonstrate a genuine issue for trial. *Id.*

{¶ 16} As an initial matter, we note that Howansky references the trial court's finding of no undue prejudice in denying his motion to strike USAM's supplemental brief, relative to Howansky's motion for summary judgment challenging service and asserting a statute of limitations defense. Considering the record, which demonstrates USAM attached the same documentation to its own motion for summary judgment with the required affidavit, we find any error in denying the motion to strike was rendered moot by USAM's subsequent, proper filing of the documentation. Furthermore, Howansky limits his appeal to the trial court's decision, granting summary judgment in favor of USAM.

{¶ 17} As to USAM's claim, it filed suit to collect the amount owed on a promissory note, executed by Howansky. A promissory note is "a written promise to pay a certain sum of money at a future time, unconditionally." *Burke v. State,* 104 Ohio St.220, 222 (1922). A promissory note is a contract between two parties, construed

7.

according to the rules of contract interpretation. *Eagle Loan Company of Ohio, Inc. v. Phoenix,* 2019-Ohio-2258, ¶ 25 (6th Dist.). To support its claim to enforce the promissory note, USAM needed to demonstrate evidence of the agreement, performance by the lender, Sallie Mae, breach by Howansky, and resulting damages. *Id.,* citing *McCormick v. Credit Acceptance Corp.,* 2017-Ohio-5687, ¶ 18 (6th Dist.). As the assignee to the note, USAM had an additional element of proof, that they had standing to sue on the note at the time it filed the complaint as holder of the note. *See Deutsche Bank Natl. Trust Co. v. Holden,* 2016-Ohio-4603, ¶ 22, citing R.C. 1303.31.

{¶ 18} In support of its motion for summary judgment, USAM satisfied its burden under Civ.R. 56 by presenting evidence that demonstrated Howansky executed the promissory note, Howansky received the funds to attend a trade school, and Howansky made payments on the note until January 2019, when he ceased making payments on the note. The evidence further showed that the lender declared the note in default for lack of payment in late 2019 and USAM purchased the debt in 2020, with assignment of the debt to USAM. Finally, the evidence demonstrated notice to Howansky that the debt had been sold and assigned to USAM, with the notice including the amount remaining due on the note.

{¶ 19} On appeal, Howansky argues that USAM proffered incompetent evidence and, therefore, the burden of proof never shifted to Howansky to demonstrate genuine issues of fact remained for trial. However, Howansky did not challenge the evidence in opposing USAM's motion for summary judgment. At most, Howansky sought to strike USAM's supplemental brief in opposition to his motion for summary judgment, which

8.

was submitted in response to Howansky's claim that he never received documentation supporting USAM's claim. These documents included copies of the signed promissory note, the payment history, the bill of sale of the account, the account history, account statements, and notice of sale to USAM. The same documents were proffered to support USAM's motion for summary judgment, with an accompanying affidavit and verification of account executed by an authorized representative of USAM who reviewed the records, kept and maintained in the regular course of business.

{¶ 20} Howansky's only opposition to USAM's motion for summary judgment challenged the trial court's jurisdiction with a statement that, "Nothing herein shall be construed as a response to the merits [of the motion for summary judgment.]" The evidence, moreover, was authenticated by affidavit pursuant to Civ.R. 56(E). Therefore, even if the trial court had granted Howansky's motion to strike the supplemental response to his own motion for summary judgment, Howansky did not challenge the properly authenticated documents, proffered in support of USAM's motion for summary judgment.

{¶ 21} Lacking any challenge to the evidence by Howansky, the trial court was free to consider the evidence, even if it consisted of evidence that did not meet the requirements of Civ.R. 56, "if there is no objection on this basis." *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.,* 2009-Ohio-2871, ¶ 17; *see also Bowmer v. Dettelbach,* 109 Ohio App.3d 680, 684 (6th Dist.1996) ("Where the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate."). Therefore,

9.

considering the record, USAM supported its motion for summary judgment with authenticated business records, and there was no "inverted burden" as the burden shifted to Howansky to produce evidence of his own, demonstrating a genuine issue of fact remained for trial. Howansky did not counter USAM's evidence. Accordingly, summary judgment was appropriate in favor of USAM, and we find Howansky's first and second assignments of error not well-taken.

## V.     Conclusion

{¶ 22} The judgment of the Wood County Court of Common Pleas is affirmed. Howansky is ordered to pay the costs of the appeal pursuant to App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Charles E. Sulek, J.<br>CONCUR. | |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.